Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 2227914)
  thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
ROXANNE SLUSHER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE SLUSHER, on behalf of herself, all others similarly situated, and the general public, <br><br> *Plaintiff,* <br><br> vs. <br><br> BIG LOTS STORES, INC., an Ohio corporation; BIG LOTS F&S, INC., an Ohio corporation; and DOES 1 through 50, inclusive, <br><br> *Defendants.* | Case No. 4:17-cv-06030-DMR <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198); <br> 2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198); <br> 3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); <br> 4. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); <br> 5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203); <br> 6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); <br> 7. Civil Penalties (Lab. Code §§ 2698, *et seq.*) <br><br> **JURY TRIAL DEMANDED** |

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint

Plaintiff ROXANNE SLUSHER (referred to as "Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative action against defendants BIG LOTS STORES, INC., an Ohio corporation; BIG LOTS F&S, INC., an Ohio corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants failed to provide him and all other similarly situated individuals with meal periods, failed to provide them with rest periods, failed to pay premium wages for missed meal and/or rest periods, failed to pay them for all hours worked, failed to pay overtime wages at the correct rate, failed to pay double time wages at the correct rate, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment.  Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated.

## JURISDICTION AND VENUE

2.    This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) as Defendants removed Plaintiff's state court action under the Class Action Fairness Act of 2005.

3.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

## PARTIES

4.    Plaintiff is, and at all relevant times mentioned herein, an individual residing in the State of California.

5.    Plaintiff is informed and believes, and thereupon alleges that Defendant BIG LOTS STORES, INC. is, and at all relevant times mentioned herein, an Ohio corporation doing business in the State of California.

1

6.     Plaintiff is informed and believes, and thereupon alleges that Defendant BIG LOTS F&S, INC. is, and at all relevant times mentioned herein, an Ohio corporation doing business in the State of California.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes that said defendants are legally responsible for the conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe defendants when ascertained.

8.     Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

9.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.     The class and sub-class members are defined as follows:

**Big Lots Class:** All persons employed by Defendants and/or any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Big Lots Meal Period Sub-Class:** All **Big Lots Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

**Big Lots Rest Period Sub-Class:** All **Big Lots Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

2

**Big Lots Wage Statement Penalties Sub-Class**:  All  **Big Lots Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Big Lots Waiting Time Penalties Sub-Class**:  All  **Big Lots Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Big Lots Opening Shift Class**:  All **Big Lots Class** members who worked a morning shift during the **Relevant Time Period**.

**Big Lots Closing Shift Class**:  All **Big Lots Class** members who clocked out fifteen minutes before and/or after the official closing time of the store during the **Relevant Time Period**.

**UCL Class**:  All  **Big Lots Class** members employed by Defendants in California during the **Relevant Time Period**.

12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub0-classes, and/or by limitation to particular issues.

13.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.    **Commonality and Predominance**:  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they

3

have not been provided with required meal and/or rest periods;

      D.    Whether Defendants failed to pay minimum and/or overtime wages to class members;

      E.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

      F.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

      G.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

      H.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

    15.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

    16.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

    17.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

    18.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the

*Slusher v. Big Lots Stores, Inc., et al.*              First Amended Class Action Complaint

unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     Plaintiff was hired by Defendants on or about October 2015 as a retail sales associate. Plaintiff was terminated on or about July 18, 2017.

### Clocking In/Off-the-Clock

20.     Plaintiff and the putative class would work opening shifts that generally started at 8:00 A.M. However, Plaintiff and the putative class were unable to enter the store once they arrived there as they would have to wait for a manager to unlock the door and let them in.

21.     The time spent waiting for a manager to unlock the door and let them in could be anywhere from ten to fifteen minutes – time which was unpaid by Defendants.

### Clocking Out/Off-the-Clock

22.     Plaintiff and the putative class would be required to perform off-the-clock work on multiple occasions after they had clocked out for their shift. For example, Plaintiff and the putative class would be directed by a manager to go outside and gather shopping carts and bring them back into the store after they had already clocked out for their shift.

23.     Defendants knew or should have known that Plaintiff and the putative class were not "on the clock" after they had clocked out and therefore should not have directed Plaintiff and the putative class to perform any additional work once they had clocked out.

24.     Plaintiff and the putative class were not paid for all hours worked as they were required to clock out once the store lights turn off automatically at 10:00 P.M. when working closing shifts.

25.     When the store lights turn off, Plaintiff and the putative class generally proceed to

clock out and then wait for the manager to perform his or her closing duties such as setting the store alarm and clock out. Once these closing duties have been performed, the manger would then exit the store with Plaintiff and the putative class.

26.    The time spent by Plaintiff and the putative class to wait for the manager to perform his or her closing duties before they were permitted to leave the store could be anywhere from five to ten minutes – time which was unpaid by Defendants.

27.    Plaintiff and the putative class were not paid for the time spent working off-the-clock.

### Missed Meal Periods

28.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

29.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

30.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint

encouraged employees to take their meal and rest periods.

31.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Inaccurate Wage Statements**

32.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to  Labor Code section 226.

33.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

      A.    Any applicable meal and rest break premiums were not included therefore gross wages earned were not accurately reflected;

      B.    Hourly and overtime wages for off-the-clock work were not included therefore gross wages earned were not accurately reflected;

      C.    Overtime and double-time wages for all overtime and double time hours worked were not included thereofore gross wages earned was not accurately reflected.

34.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

      A.    Hourly and overtime wages for off-the-clock work were not included therefore total hours worked was not accurately reflected;

      B.    Overtime and double time wages for all overtime and double time hours worked were not included therefore total hours worked was not accurately reflected.

35.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

      A.    Any applicable meal and rest break premiums were not included therefore

gross wages earned were not accurately reflected;

B.      Hourly and overtime wages for off-the-clock work were not included therefore gross wages earned were not accurately reflected;

C.      Overtime and double-time wages for all overtime and double time hours worked were not included thereofore gross wages earned was not accurately reflected.

36.     Defendants failed to comply with <u>Labor Code</u> section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

A.      All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate was not accurately reflected.

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PROVIDE MEAL PERIODS**

### **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

### **(Plaintiff and Big Lots Meal Period Sub-Class)**

37.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

38.     At all relevant times, Plaintiff and the **Big Lots Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Industrial Welfare Commission Wage Order 5-2001 ("Wage Order").

39.     Labor Code section 512 and section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

40.     Labor Code section 226.7 and section 11 of the the applicable Wage Order  both

8

prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

41.     Compensation for missed meal periods constitutes wages within the meaning of the Labor Code section 200.

42.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

43.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 mninutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

44.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Big Lots Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

45.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Big Lots Meal Period Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes by the fifth hour of work, as required by Labor Code section 512 and the applicable Wage Order.

46.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Big Lots Meal Period Sub-Class** members when they were not provided with a meal period by the fifth hour of work.

47.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Big Lots Meal Period Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods

9

and without paying them premium wages, as required by Labor Code section 512 and the applicable Wage Order.

48.    Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

49.    At all relevant times, Defendants failed to pay Plaintiff and **Big Lots Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

50.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Big Lots Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

51.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Big Lots Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Big Lots Rest Period Sub-Class)

52.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.  Specifically, Plaintiff incorporates paragraphs 13 and 14 of the Complaint as if fully alleged herein.

53.    At all relevant times, Plaintiff and **Big Lots Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

54.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint

must be in the middle of each work period insofar as is practicable.

55.    Labor Code section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

56.    Compensation for missed rest periods constitutes wages within the meaning of the Labor Code section 200.

57.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

58.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Big Lots Rest Period Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

59.    At all relevant times, Defendants failed to pay Plaintiff and other **Big Lots Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

60.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

61.    Plaintiff and the **Big Lots Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

62.    As a result of Defendants' policy, Plaintiff and the **Big Lots Rest Period Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for

11

each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **Big Lots Rest Period Sub-Class** to work through their rest periods in order to complete their assignments on time.

63.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Big Lots Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

64.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Big Lots Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

**(By Plaintiff and Big Lots Class, Big Lots Opening Shift Class and Big Lots Closing Shift Class)**

65.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

66.    At all relevant times, Plaintiff and **Big Lots Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Orders.

67.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

68.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

69.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint

70.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

71.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

72.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

73.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

74.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

75.    Labor Code sectopm 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

76.    Labor Code section 510 and section 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

77.    Labor Code section 510 and section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

78.    Plaintiff is informed and believes that, at all relevant times, Defendants have

13

applied centrally devised policies and practices to him and **Big Lots Class** members with respect to working conditions and compensation arrangements.

79.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff and **Big Lots Class** members all overtime hours worked.

80.    Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Big Lots Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

81.    At all relevant times, Plaintiff and **Big Lots Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

82.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

83.    Labor Code § 226.7 and Section 11 of the Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

84.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

85.    Labor Code § 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay

14

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint

non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

86. California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses, be included when calculating an employee's regular rate of pay.

87. At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, non-discretionary bonuses and/or shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest periods.

88. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of paying **Big Lots Class** members premium wages based on rates of compensation that have not reflected non-discretionary bonuses and/or shift differential pay as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

89. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Big Lots Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Big Lots Wage Statement Penalties Sub-Class)

90. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

91. Labor Code § 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely

based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer."

92.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Big Lots Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

93.    Plaintiff is informed and believes that Defendants' failures to provide him and **Big Lots Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

94.    Plaintiff and **Big Lots Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

95.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Big Lots Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Big Lots Waiting Time Penalties Sub-Class)

96.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

97.    At all relevant times, Plaintiff and **Big Lots Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

98.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

99.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

100.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

101.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code section 201 by failing to timely pay him all of his final wages.

102.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Big Lots Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code sections 201 or 202.

103.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Big Lots Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 and 202 by failing to timely pay them all final wages.

104.    Plaintiff is informed and believes that Defendants' failures to timely pay

17

all final wages to him and **Big Lots Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

105.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Big Lots Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

106.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Big Lots Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

107.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

108.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

109.    Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

110.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

111.    Plaintiff and the **UCL Class** realleges and incorporates by reference the FIRST, SECOND and THIRD causes of action herein.

18

112.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

113.    Defendants have, or may have, acquired money by means of unfair competition.

114.    Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

115.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

116.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the applicable Wage Order.

117.    As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

118.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

119.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.* Business and Professions Code section 17200, *et seq.*, protects against unfair

19

competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

120.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

121.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

122.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

123.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

124.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

125.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

126.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

127.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

128.     Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

129.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

130.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

> A.     For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194 and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

> B.     For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

> C.     For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

> D.     For violations of Labor Code § 223, $100 for each employee for each

21

initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.    For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

131.    Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

22

C. An order that counsel for Plaintiff be appointed class counsel;

D. Unpaid Wages;

E. Actual Damages;

F. Liquidated Damages;

G. Restitution;

H. Declaratory relief;

I. Pre-judgment interest;

J. Statutory penalties;

K. Civil penalties;

L. Costs of suit;

M. Reasonable attorneys' fees; and

N. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: November 27, 2017

SETAREH LAW GROUP

SHAUN SETAREH
Attorneys for Plaintiff,
ROXANNE SLUSHER

23

*Slusher v. Big Lots Stores, Inc., et al.*                    First Amended Class Action Complaint