UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE SLUSHER,<br><br>Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-06030-RS (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 59 |

On November 9, 2018, Plaintiff Roxanne Slusher ("Slusher") and Defendants Big Lots Stores, Inc., and Big Lots F&S, Inc. (together, "Big Lots") filed a Joint Letter Brief Regarding Discovery Dispute, ECF No. 59. The Court held a telephonic hearing about the letter brief on November 16, 2018, and now issues the following order.

The dispute concerns an interrogatory and four requests for production ("RFPs") by which Slusher seeks information about potential class members. Interrogatory 1 asks Big Lots to identify every potential class member and each employee who supervised them during the relevant time period and to state each location where the potential class members worked. RFP 1 asks for all payroll data, wage records, wage statements, paycheck stubs or other documents that pertain to every potential class member during the relevant time period. RFP 2 asks for documents for every potential class member that describe the hours worked for Big Lots during the relevant time period. RFP 13 asks for documents for every potential class member who was terminated during the relevant time period that show the name of the employee, the termination date, whether the termination was voluntary or involuntary, the date of the last check provided to the employee and how the last payment was tendered. RFP 16 asks for documents relating to Big Lots' time adjustment records for the potential class members during the relevant time period. *See* ECF No.

1   59-1 (setting forth the discovery requests and Big Lots' objections).

2       Prior to class certification, classwide discovery is in the Court's discretion. *See Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (C.D. Cal. 2006). "[N]umerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *Salazar v. McDonald's Corp.*, No. 14-cv-2096 RS (MEJ), 2016 WL 736213, *5 (N.D. Cal. Feb. 25, 2016).

    The information that Slusher seeks is relevant to class certification. Interrogatory 1 seeks information that is relevant to, for example, numerosity and ascertainability. The identification of potential class members may also help Slusher's counsel contact them and obtain evidence showing whether classwide treatment of Slusher's claims is appropriate. Likewise, the RFPs seek documents that would tend to show whether the alleged classes and subclasses exist. Big Lots argues that Slusher should have to show that her claims are amenable to classwide treatment *before* she is entitled to obtain this discovery, but without this discovery there is no way she could show that. Requiring Slusher to effectively win her class certification motion before she can get discovery about the alleged classes would be a pocket veto of her certification motion.

    Big Lots also argues that some of Slusher's claims have been pursued, or are currently being pursued, in *Viola Hubbs v. Big Lots Stores, Inc*., No. 2:15-cv-01601 JAK (ASx). But even in Big Lots' telling, the overlap is pretty minimal, covering only the closing shift, rest break and security check claims, and not any of Slusher's other claims. Regardless, Judge Seeborg already ruled that there is no overlap on the closing shift claim because the two cases cover different time periods and that Slusher is not bound by *Hubbs*' denial of class certification on the rest period and security check claims. ECF No. 47. There is therefore no reason to deny discovery on these pending claims.

    Because the requested documents and information are relevant, the real issue is burden and proportionality. Big Lots argues that the requested discovery is disproportional (because it should not have to produce it at all given the pendency of *Hubbs*) but at the telephonic hearing agreed that producing it is not burdensome. Big Lots represented that there are two sources from which it will

obtain the requested information. First, information and documents through some point in 2015 were stored in a database as .pdfs. Searching through the .pdfs to find the right documents is time-consuming, but Big Lots did that already in connection with the *Hubbs* case. All of those documents are now in the hands of outside counsel, so additional attorney time is the only needed step before producing them. Second, information from 2015 to the present in stored in a PeopleSoft database maintained by a third party. For that information, Big Lots needs to request it from the third party and then produce it. Big Lots represents it can complete production from the first source (documents in outside counsel's possession) within 30 days, and from the second source (PeopleSoft) within 60 days. At the telephonic hearing Slusher agreed to this timetable.

At the hearing the Court and the parties discussed RFPs 1 and 2. RFP 1 seeks "[a]ll payroll data, wage records, wage statements, *paycheck stubs or other documents* that pertain to each and every potential class members during the relevant time period." (emphasis added). Read literally, the reference to "other documents" means that RFP 1 seeks every document, regardless of content, that pertains to every potential class member. At the hearing both sides agreed Slusher is not seeking that. Big Lots also argued that producing paycheck stubs would be burdensome. At the hearing, Slusher agreed that the words "paycheck stubs or other documents" can be stricken from RFP 1.

RFP 2 requests "[f]or each potential class member . . . all documents that describe the hours worked for [Big Lots] during the relevant time period." It then lists as items included "time cards, time clock or punch clock records, records of hours worked, overtime and double-time records, meal and rest break records, vacation accrual, leave accrual, floating holiday accrual, paid time off accrual, and/or records of additional to or deductions from wages." Producing *all* documents that describe hours worked is duplicative and unwarranted. Indeed, several of the specific examples of types of responsive documents that Slusher lists in RFP 2 duplicate each other. At the hearing Big Lots explained that in response to RFP 2, it intends to produce electronic records that are sufficient to show the hours each potential class member worked during the relevant time period. Slusher agreed that was acceptable.

In the meantime, the parties need to enter into a protective order in this case to protect Big

3

Lots' employees' privacy. *See Salazar*, 2016 WL 736213 at *3. At the hearing the parties agreed to use this District's model protective order, and to file a proposed protective order on Monday, November 19, 2018.

Finally, the parties and the Court discussed at the hearing the observation in *Salazar* that "courts in this district have required that in contacting class members, Plaintiffs' counsel is limited by the following requirements":

> (1) counsel must inform each potential class member that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact that individual again; (2) during the initial communication, Plaintiffs' counsel must inform potential class members that the [Court] compelled [Defendant] to disclose their contact information and that the communication is highly confidential; and (3) any communications to potential class members must be fair and accurate, and must not be misleading, intimidating, or coercive.

*Salazar*, 2016 WL 736213 at *4. At the hearing Slusher agreed to comply with these limits, and Big Lots stated it was satisfied with them.

Accordingly, the Court **ORDERS** as follows:

1. Big Lots must produce the information and documents requested by Interrogatory 1 and RFPs 1, 2, 13 and 16, subject to the edits to RFPs 1 and 2 described above, within 30 or 60 days (depending on the source, as discussed above).

2. The parties must file a proposed protective order, based on this District's model, by November 19, 2018.

3. Slusher's counsel must adhere to the above-described limitations on communicating with potential class members whose identity or contact information it learns from information or documents produced by Big Lots. These limitations do not apply to potential class members who initiate contact with Slusher's counsel or whose identity or contact information they learn about independently of discovery in this action.

//
//
//
//

4

**IT IS SO ORDERED.**

Dated: November 16, 2018

                                                  THOMAS S. HIXSON
                                                  United States Magistrate Judge