1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   ROXANNE SLUSHER

7
   Yvette Davis (SBN 165777)
8    ydavis@hbblaw.com
   HAIGHT BROWN & BONESTEEL LLP
9  2050 Main Street, Suite 600
   Irvine, California 92614
10 Telephone: 714.426.4600
   Facsimile: 714.754.0826
11
   Mark A. Knueve (*Admitted Pro Hac Vice*)
12   maknueve@vorys.com
   Daniel J. Clark (*Admitted Pro Hac Vice*)
13   djclark@vorys.com
   George L. Stevens (*Admitted Pro Hac Vice*)
14   glstevens@vorys.com
   VORYS, SATER, SEYMOUR & PEASE LLP
15 52 East Gay Street, P.O. Box 1008
   Columbus, Ohio 43216-1008
16 Phone: 614.464.6436
   Fax:  614.464.8054

17
   Attorneys for Defendants BIG LOTS STORES, INC.
18 and BIG LOTS F&S, INC.

19                    **UNITED STATES DISTRICT COURT**

20                    **NORTHERN DISTRICT OF CALIFORNIA**

21

| | |
|---|---|
| 22  ROXANNE SLUSHER, on behalf of herself, all others similarly situated, and the general public, | Case No. 17-cv-06030-RS |
| 23 | **JOINT STIPULATION REQUESTING TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); ORDER** |
| 24              *Plaintiff*, | |
| 25        vs. | *[Filed concurrently with [Proposed] Order]* |
| 26  BIG LOTS STORES, INC., an Ohio corporation; BIG LOTS F&S, INC., an Ohio corporation; and DOES 1 through 50, inclusive, | Judge: Hon. Richard Seeborg |
| 27 | Action Filed: September 21, 2017 |
| 28              *Defendants*. | |

This Stipulation is made by and between Plaintiff ROXANNE SLUSHER ("Plaintiff") and Defendants BIG LOTS STORES, INC. and BIG LOTS F&S, INC. ("Defendants") (collectively, the "Parties"). The Parties, through their respective counsel of record, hereby stipulate to and request the Court to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). In support, the Parties respectfully show the Court the following:

The purpose of the requested transfer is to facilitate a consolidated settlement of this case with another case pending against Defendants in the Central District of California: *Viola Hubbs v. Big Lots Stores, Inc., et al*, Case No. 2:15-cv-01601JAK (ASx) (the "*Hubbs* case"). The cases include allegations (which Defendants deny) that Defendants violated California wage-hour laws by failing to (1) pay overtime; (2) pay minimum wages; (3) provide meal periods and/or meal period premium payments; (4) provide rest periods and/or rest period premium payments; (5) provide compliant wage statements; (6) pay all wages upon termination of employment to former employees; (7) timely pay wages during employment; (8) properly compensate for split shifts; and (9) provide suitable seating to employees. Plaintiffs also assert claims under the Private Attorneys General Act, California Labor Code sections 2698, et seq. ("PAGA") and California Business & Professions Code sections 17200, et seq., as well as other damages.

Counsel for Plaintiffs and Defendants in this case and in the *Hubbs* case have executed a Settlement Agreement that, upon its final approval and becoming effective on the terms and conditions stated therein, will fully and finally resolve the claims in all of these cases against Defendants. In the Settlement Agreement, the Parties agreed that preliminary and final approval will be sought in the United States District Court for the Central District of California, where the *Hubbs* case was pending, which litigation was furthest advanced at the time that the Parties executed the Settlement Agreement. A motion for preliminary approval of the Settlement Agreement will be filed in the Central District of California where this case will be consolidated with the *Hubbs* case for settlement purposes before the Hon. Judge John A. Kronstadt.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." Under either diversity jurisdiction (28 U.S.C. § 1391(a)) or federal question jurisdiction (28 U.S.C. § 1391(b)), an action may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action [was] commenced." *Id*. at (c). This action could have been brought in the District for Central District of California, where Defendants are subject to personal jurisdiction. Although Plaintiffs initially chose to bring this action in this District, for purposes of settlement only, transferring it to the Central District of California to facilitate settlement will serve the interests of justice.

"[S]ince [Section] 1404(a) looks to sound judicial administration, the court may order a transfer whenever the circumstances justify the requirement. . . ." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979). In addressing a motion to transfer venue under Section 1404(a), three elements must be established: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)). Once venue is determined to be proper in both districts, courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Vu*, 602 F. Supp. 2d at 1156.

Here, the Parties are requesting the change of venue, for their convenience, to the Central District of California to facilitate a settlement of multiple cases in a single proceeding, which would constitute the overriding application of the "interests of justice" consideration. *See Mercury*

*Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 154–55 (C.D. Cal. 1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990) (recognizing that the ultimate goal of a court in analyzing a motion to transfer venue is to serve both the convenience of the parties and witnesses, as well as the interests of justice); *see also United States ex rel. Ondis v. City Woonsocket*, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) ("The fundamental concern manifest in § 1404(a) is that litigation be conducted in the federal court which will best serve the 'interest of justice.'"). Additionally, inasmuch as the requested transfer is for purposes of facilitating settlement, ease of access to proof and the convenience of the witnesses are irrelevant. Moreover, both forums are familiar with the applicable law, so this factor similarly does not weigh against transfer.

Accordingly, the Parties hereby stipulate to and respectfully request that this Court transfer this case to the United States District Court for the Central District of California. A Proposed Order is attached hereto as Exhibit A.

IT IS SO STIPULATED.

DATED: December 12, 2019                SETAREH LAW GROUP

/s *Thomas Segal* (with permission)
SHAUN SETAREH
THOMAS SEGAL

Attorneys for Plaintiff
ROXANNE SLUSHER

DATED: December 12, 2019                VORYS, SATER, SEYMOUR & PEASE LLP

/s *George L. Stevens*
MARK A. KNUEVE
DANIEL J. CLARK
GEORGE L. STEVENS

Attorneys for Defendants BIG LOTS STORES, INC., and BIG LOTS F&S, INC.

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

DATED: December 12, 2019          /s/ *George L. Stevens*
                                                   GEORGE L. STEVENS

# EXHIBIT A

# O R DE R

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Having considered the Stipulation between counsel for Plaintiff ROXANNE SLUSHER and Defendants BIG LOTS STORES, INC. and BIG LOTS F&S, INC, and good cause appearing therefore, the Parties' Stipulation is hereby **GRANTED / DENIED.** This Court hereby ORDERS:

1. That this matter is **TRANSFERRED** to the United States District Court for the Central District of California.
2. The Clerk is directed to provide a copy of this Order to the Clerk for the Central District of California and to the chambers of the judge (Judge John A. Kronstadt) there assigned to the *Hubbs* case.

IT IS SO ORDERED.

DATED: December 13, 2019

_____
RICHARD SEEBORG
United States District Judge